1:20MJ2115

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Detective Brian Sara with the Northern Ohio Law Enforcement Task Force (NOLETF) having first been duly sworn according to law, hereby depose and say:

1.      As a TFO, I am an investigative law enforcement officer of the United States of America within the meaning of Title 18, United States Code, Section 2510(7).  I am empowered to conduct investigations of and to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code.

2.      I am a Task Force Officer with the FBI, currently assigned to the Northern Ohio Law Enforcement Task Force, and have been since October of 2019. I am also a detective with the Bedford, Ohio Police Department, where I have been employed since 2007. I have been assigned to the South East Area Law Enforcement (SEALE) narcotics unit through the Bedford Police Department. Prior to joining the Bedford Police Department, I was a police officer with the Middlefield Police Department starting in 2004. In total I have over 15 years of experience in Law Enforcement.

3.      This affidavit is submitted in support of criminal complaints against Derrick Terrell.

4.      Because this affidavit is submitted for the limited purpose of supporting a criminal complaint, I have not included each and every fact known concerning this investigation. I have set forth only the facts I believe are necessary to establish probable cause that Derrick Terrell committed violations of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C), that is possession with intent to distribute  23.26 grams of phencyclidine, a Schedule II controlled substance.

<u>PROBABLE CAUSE</u>

5.     On January 15, 2020, United States Probation and Garfield Heights Police Officers conducted a welfare check at 9500 S. Highland Ave., Garfield Heights, OH.  On the evening prior, 911 dispatch received a hang-up call from Derrick Terrell's cell phone related to a domestic disturbance.

6.     Upon arrival at the residence, United States Probation Officers knocked on the door.  After 15 minutes, Terrell eventually opened the door, but did not immediately allow access. Terrell stated that his wife was sick and eventually allowed United States Probation Officers to enter the residence.

7.     Inside, Mrs. Terrell was located on the living room couch and appeared unresponsive.  Mrs. Terrell did not respond and officers called 911.  Terrell stated that his wife was "fine" and "took two oxycodone pills."  He later changed his story and stated that he found her unresponsive when he came home.

8.     During the welfare check, Terrell provided officers consent to search his Mazda. During the search, United States Probation Officers located Terrell's credit cards, paperwork in his name, and Newport cigarettes.  The Mazda also had a strong odor of raw marijuana.  Finally, inside the center console, officers located a vial of suspected PCP.

9.     On January 22, 2020, the Cuyahoga County Regional Laboratory confirmed that the seized vial of PCP contained 23.26 grams of phencyclidine, commonly known as PCP, a Schedule II controlled substance.

10.     The above amount of PCP is consistent with possession with the intent to deliver PCP.

<u>CONCLUSION</u>

11.    Based upon the information contained in this affidavit, I submit there is probable cause to believe that on or about January 15, 2020, in the Northern District of Ohio, Derrick Terrell committed violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), that is possession with intent to distribute 23.26 grams of phencyclidine, a Schedule II controlled substance..

_____
Brian Sara
NOLETF – FBI TFO

This affidavit was sworn to by the Affiant
via telephone after submission by reliable
electronic means.  Fed. R. Crim. R. P. 3, 4(d),
and 4.1 on this 14th day May 2020.

_____
DAVID A. RUIZ
U.S. MAGISTRATE JUDGE

**May 14, 2020**
_____
DATE